UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| SHEILA COUCH | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v | ) | Case No. 2-06-CV-80-WOB |
| | ) | |
| THE HARTFORD FINANCIAL SERVICES GROUP, INC. | ) ) | **Electronically Filed** |
| | ) | |
| DEFENDANT. | ) ) | |

## AGREED LITIGATION PLAN

The parties have conferred to address the resolution of this case. As a result of that conference, Plaintiff, Sheila Couch ("Couch") and Defendant, The Hartford Financial Services Group, Inc. ("Hartford") respectfully present this Agreed Litigation Plan to address the resolution of the ERISA claim asserted in the case.

I.       BRIEF DESCRIPTION OF THE CASE

This case involves a review of an administrative decision regarding long-term disability and premium waiver benefits under an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). Couch's employer's disability benefits policy and life policy were insured by Continental Casualty Company ("the Plan"). An administrative decision was made that Couch was not qualified for long-term disability benefits nor premium waiver benefits under the Plan, and Couch then filed this lawsuit.

In this lawsuit, Couch seeks long-term disability and premium waiver benefits she alleges that she is entitled to receive under the Plan and her attorney's fees. Hartford denies any wrongdoing and denies that Couch is entitled to any benefits.

## II.    LITIGATION PLAN

The parties agree that Couch's claim for long-term disability and premium waiver benefits is governed by ERISA, and that her claim is to receive benefits under 29 U.S.C. § 1132(a)(1)(B).  The parties agree that no discovery is permitted and that this action is exempt from Fed.R.Civ.P. 26(a).  The parties agree that there is no entitlement to a jury trial on the ERISA claim, and that the case can be submitted on briefs for a decision by the Court regarding whether to disturb the administrative decision.  The parties agree that the remedies available to Allen under ERISA, if any, are Plan benefits.

The parties have agreed to the following schedule for resolution of the ERISA benefits claim.

**On or before October 19, 2006**, Hartford will file with the Court and serve on Plaintiff a copy of the administrative record and the relevant Plan document.

**On or before December 19, 2006**, Plaintiff will file and serve her Opening Brief on her claim for benefits.

**On or before February 19, 2007,** Defendant will file its Response Brief.

**On or before March 19, 2007,** Plaintiff may file a Reply Brief.

If Defendant believes it needs to file a surreply, it will seek leave to do so from the Court.

## III.    OTHER ISSUES

The parties agree that to the extent Couch's Complaint may be construed as alleging state law claims, those claims are preempted by ERISA and further agree that they will file an Agreed Order of Dismissal of those state law claims on or before October 15, 2006.  The parties further agree that this will leave only Couch's claim for benefits before the Court for adjudication on the parties' brief.

          Respectfully submitted,

/s   Ann E. Georgehead
Robert L. Steinmetz
rsteinmetz@fbtlaw.com
Ann E. Georgehead
ageorgehead@fbtlaw.com
Frost Brown Todd LLC
400 West Market Street, 32nd Floor
Louisville, Kentucky 40202
(502) 589-5400
(502) 581-1087 facsimile


/s   Michael J. Schulte (with permission)
Michael J. Schulte
mjschulte@fuse.net
127 East Third Street
Covington, Kentucky 41011
(859) 291-9181